Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOPHIE RODIONOV, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ZOETOP BUSINESS CO., LTD., a Hong Kong private limited company, individually and doing business as "SHEIN"; SHEIN DISTRIBUTION CORP., a Delaware corporation; ROADGET BUSINESS PTE., LTD, a Singapore private limited company; SHEIN US SERVICES, LLC, a Delaware Corporation; SHEIN TECHNOLOGY, LLC, a Delaware Corporation; and DOES 1 through 10,<br><br>Defendants. | Case No.:<br><br>1. COPYRIGHT INFRINGEMENT<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br><u>Jury Trial Demanded</u> |

1
COMPLAINT

Plaintiff, Sophie Rodionov ("Rodionov"), hereby prays to this honorable Court for relief based on the following acts of alleged copyright infringement:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff, Rodionov, is an individual artist presently residing in Israel.

5. Upon information and belief, Rodionov alleges that Defendant ZoeTop Business Co., Ltd. ("ZBC"), individually and doing business as "Shein," is a Hong Kong entity that is doing business with the State of California.

6. Upon information and belief, Rodionov alleges that Defendant Shein Distribution Corp., ("SDC") is a Delaware corporation that is doing business with the State of California.

7. Upon information and belief, Rodionov alleges that Defendant Roadget Business PTE., LTD. ("Roadget") is a Singapore entity that is doing business with the State of California.

8. Upon information and belief, Rodionov alleges that Defendant Shein US Services, LLC, ("SUSS") is a Delaware limited liability company that is doing business with the State of California.

9. Upon information and belief, Rodionov alleges that Defendant Shein Technology, LLC ("ST") is a Delaware limited liability company that is doing business with the State of California.

10. On information and belief, Plaintiff alleges that ZBC, SDC, Roadget, SUSS, and ST do business as "Shein." These entities will be referred to herein collectively as "Shein."

11. Upon information and belief, Plaintiff alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of DOES 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

12. Upon information and belief, Plaintiff alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO SUBJECT ARTWORK

13. Prior to the conduct complained of herein, Plaintiff composed an original design, a copy of which is set forth hereinbelow ("Subject Design"). This artwork was a creation of Plaintiff, and is, and at all relevant times was, owned exclusively by Plaintiff.

14. The Subject Design was first published abroad and as such is excused from the registration requirement per the Berne Convention.

15. Prior to the acts complained of herein, Plaintiff published the Subject Design to the public and marketed and solicited orders relevant to the Subject Design.

1  16. Following this publication of the Subject Design, Plaintiff's investigation revealed that Defendants were marketing and selling products bearing illegal reproductions and/or derivations of the Subject Design.

17. Upon information and belief, Plaintiff alleges that, without Plaintiff's authorization, Defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed products that bear artwork identical to or substantially similar to the Subject Design ("Infringing Product").

18. Below is a comparison of the Subject Design with exemplars of the Infringing Products, which feature designs incorporating at least a portion of the unauthorized copy of the Subject Design:

**Subject Artwork:**



## **Offending Products:**





## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

19. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this Complaint.

20. Upon information and belief, Plaintiff alleges that Defendants, and each of them, had access to the Subject Artwork, including through (a) access to Plaintiff's publicly accessible websites; (b) access to illegally distributed copies of the Subject Artwork by third-party vendors, and/or DOE Defendants, including international and/or overseas factories and vendors.

21. Access can further be inferred based on the exact reproduction of the Subject Artwork on the Offending Products shown above.

22. Upon information and belief, Plaintiff alleges that one or more of the Defendants manufactures products and/or is a vendor of products similar to those at issue. Plaintiff further alleges that said Defendant(s), and each of them, has an ongoing business relationship with Defendant retailers, and each of them, and

supplied to said retailers artwork bearing unauthorized reproductions of the Subject Artwork that is strikingly and/or substantially similar to the Subject Artwork.

23. Upon information and belief, Plaintiff alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, manufacturing, causing to be manufactured, distributing, displaying, offering for sale, selling, and/or otherwise exploiting the Offending Products identified in **Exhibit A** through Shein's website and a nationwide network of retail stores, catalogues, and other websites owned, operated, and/or controlled by Shein.

24. Due to Defendants' acts of copyright infringement, Plaintiff has suffered damages in an amount to be established at trial.

25. Due to Defendants' acts of copyright infringement, Defendants have obtained profits they would not have realized but for their infringements of Plaintiff's copyrights in the Subject Artwork. As such, Plaintiff is entitled to disgorgement of Defendants' profits attributable to their infringements in an amount to be established at trial.

26. Upon information and belief, Plaintiff alleges that Defendants, and each of them, have committed copyright infringement with knowledge of and/or in reckless disregard for Plaintiff's copyrights in the Subject Artwork such that said acts of copyright infringement were willful.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

27. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

28. Upon information and belief, Plaintiff alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of products featuring the Subject Artwork by,

*inter alia*, directing the manufacture of or selection and sourcing of materials and designs for the Offending Products or had agreements requiring the manufacture or sourcing of certain materials or designs, with the ability and right to supervise, direct, cancel, or otherwise modify its orders for the manufacture or purchase of the Offending Products. Plaintiff is informed and believes and thereon alleges that Defendants had direct oversight or involvement in the sourcing of materials for and manufacture of the Offending Products and thus knew, induced, caused, or materially contributed to the infringement of Plaintiff's rights as alleged herein. The true and complete extent to which Defendants were involved in a network of infringement with yet undiscovered Doe Defendants and/or direct infringers will be ascertained during discovery in this action.

29. Upon information and belief, Plaintiff alleges that each of the retailer Defendants had written agreements with the Doe Defendants who are manufacturers such that each retailer Defendant had oversight and control over the sourcing of the Subject Artwork affixed to the Offending Products.

30. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

31. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

32. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Artwork. As such, Plaintiff is entitled to disgorgement of Defendants' profits

directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Artwork, in an amount to be established at trial.

33. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious.

34.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants, each of them, their respective agents, and/or anyone else working in concert with Defendants and/or their agents be enjoined from importing, manufacturing, distributing, offering for sale, selling, and/or otherwise trafficking in the Offending Products and any other product that infringes Plaintiff's copyrights in the Subject Artwork;

b. That Plaintiff be awarded all Defendants' profits, plus all Plaintiff's losses, attributable to Defendants' infringements, the exact sum to be proven at the time of trial; or alternatively, if elected, statutory damages as available under 17 U.S.C. § 504;

c. That Plaintiff be awarded its attorneys' fees and costs as available under 17 U.S.C. § 505;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

/ / /

/ / /

/ / /

## **JURY DEMAND**

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: October 4, 2024               Respectfully submitted,

               By:   /s/ *Scott Alan Burroughs*
                  Scott Alan Burroughs, Esq.
                  DONIGER / BURROUGHS
                  Attorneys for Plaintiff